WM. WARDEN *v.* S. A. FIELD, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—855.]

**Fraudulent Conveyance.**

> Those who, as grantees of real estate fraudulently conveyed to them by a grantor to defeat his creditors, participate in and knowingly aid the fraud have no standing after many years to oust the fraudulent grantor or his descendants from the possession of the real estate, which was never given over by said grantor after such deed was made.

APPEAL FROM OHIO CIRCUIT COURT.

April 12, 1884.

OPINION BY JUDGE LEWIS:

The evidence in this case is too manifest to require a reference in detail to show that S. A. Field, now deceased, conveyed his land in 1862 to appellant and B. C. Warden without any consideration paid therefor by either of them and for the fraudulent purpose of cheating, hindering and delaying his creditors. S. A. Field held possession of the land until his death, in the meantime selling a portion of it and receiving the purchase-price therefor. Appellant brought his action in 1879, more than seventeen years after the deed under which he now claims was executed, to recover the possession of the land from the widow and children who continued to hold possession after the death of S. A. Fields.

As both appellant and B. C. Warden participated in the fraud, if they did not suggest the device resorted to to defeat the creditors of S. A. Fields, according to a well-known rule no relief can be afforded to either party, and consequently the court below properly dismissed appellant's petition so far as it sought to recover the one-half interest conveyed to him by that deed. But it appears that about 1869, B. C. Warden became financially embarrassed and his supposed one-half interest in the land was sold in part by judgment of court and in part under executions, and the whole of it was purchased by appellant.

There is no pretense by B. C. Warden that he ever paid to S. A. Field anything for the land, nor did he ever set up claim to any part

of it adverse to Fields. Appellant not being entitled to recover of the widow and children his alleged half of the land, can he recover the supposed half of B. C. Warden which was in the same condition as his own, in virtue of the sheriff's and commissioner's deeds made to him therefor? We do not think he has a right to relief in the one case more than the other. Besides the evidence shows that he purchased the interest of B. C. Warden for S. A. Field and held it in trust for him.

After the first action had been pending some time another was commenced, the object of which was to recover of the personal representative of S. A. Fields judgment on each of seven notes filed with the petition. Three of these notes appear to have been given by S. A. Fields to appellant for the rent of the land in controversy. Upon a trial of this action a verdict was rendered by the jury in favor of the defendant. But upon motion made by appellant the court granted a new trial as to the three rent notes, and the action was then transferred to equity and consolidated with the action brought to recover the possession of the land. As there does not appear to be any serious complaint of the action of the court in refusing a new trial as to the other notes, which seem to have been barred by limitation, the question arises as to the right of appellant to recover on the rent notes, which were executed by S. A. Fields without any consideration whatever and, as the evidence tends to show, in furtherance of the original purpose and device to defraud creditors.

As the same reasons exist for refusing relief in the case of the rent notes that apply in the case of the land the same judgment should be rendered as to both. The court below referred the case to the master commissioner to ascertain and report the amount paid by appellant under the sales of the interest in the land of B. C. Warden before mentioned, and how much thereof has been repaid by S. A. Fields. From the report of the master it appears that the amount paid by S. A. Fields and the value of work done by him for appellant was $104.82 in excess of the entire amount paid by appellant on account of the debts of B. C. Warden, for which his interest in the land was sold.

The court rendered judgment overruling all exceptions to and confirming the report of the commissioner, canceling the rent bonds or notes, and ordering that the claim of appellant to the B. C. War-

den half of the land in controversy be canceled and held void. A petition was subsequently filed for a new trial but was by order of the court dismissed. Even conceding that appellant was entitled to the newly discovered evidence set forth in his petition for a new trial and the affidavits accompanying it, and that it be true, we do not think his substantial rights were prejudiced by the refusal of the court to grant the new trial. The only question about which there is room for dispute at all is the simple question of fact as to how the accounts stood between appellant and S. A. Field. The master commissioner reported as to that matter, and if all the evidence mentioned in appellant's petition for a new trial were before us we would not feel justified in disturbing that report which we think is sustained by facts developed and established.

Wherefore, the judgment is *affirmed.*

*McHenry & Hill,* for appellant.

*Walker & Hubbard,* for appellees.